MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
RAMON VICTORIA, *individually and on*
*behalf of others similarly situated,*

<table>
<tr><td align="center">*Plaintiff*,</td><td align="center">**COMPLAINT**</td></tr>
<tr><td align="center">-against-</td><td></td></tr>
<tr><td>CHESNUT HOLDINGS OF NEW YORK<br>INC.  (D/B/A CHESNUT HOLDINGS), 219<br>LLC (D/B/A 219 EAST 196TH ST), CESAR<br>MORALES, and JONATHAN WEINER,</td><td align="center">**COLLECTIVE ACTION UNDER**<br>**29 U.S.C. § 216(b)**<br><br>**ECF Case**</td></tr>
<tr><td align="center">*Defendants.*</td><td></td></tr>
</table>

-----------------------------------------------------X

Plaintiff Ramon Victoria ("Plaintiff Victoria" or "Mr. Victoria"), individually and on

behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates,

P.C., upon his knowledge and belief, and as against Chesnut Holdings of New York Inc. (d/b/a

Chesnut Holdings), 219 LLC (d/b/a 219 East 196th St), ("Defendant Corporations"), Cesar

Morales and Jonathan Weiner, ("Individual Defendants"), (collectively, "Defendants"), alleges as

follows:

## NATURE OF ACTION

1.      Plaintiff Victoria is a former employee of Defendants Chesnut Holdings of New York

Inc. (d/b/a Chesnut Holdings), 219 LLC (d/b/a 219 East 196th St), Cesar Morales, and Jonathan

Weiner.

2.      Defendants own, operate, or control a property management company, located at 5676 Riverdale Ave, Bronx, NY 10471 under the name "Chesnut Holdings" and at 219 East 196th St, Bronx, NY 10458 under the name "219 East 196th St".

3.      Upon information and belief, individual Defendants Cesar Morales and Jonathan Weiner, serve or served as owners, managers, principals, or agents of Defendant Corporations and, through these corporate entities, operate or operated the buildings as a joint or unified enterprise.

4.      Plaintiff Victoria was employed as a superintendent at the buildings located at 5676 Riverdale Ave, Bronx, NY 10471 and 219 East 196th St, Bronx, NY 10458.

5.      At all times relevant to this Complaint, Plaintiff Victoria worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for the hours that he worked.

6.      Rather, Defendants failed to maintain accurate recordkeeping of the hours worked, failed to pay Plaintiff Victoria appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7.      Defendants' conduct extended beyond Plaintiff Victoria to all other similarly situated employees.

8.      At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Victoria and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

9.      Plaintiff Victoria now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et*

*seq*. and 650 *et seq.* (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

10.     Plaintiff Victoria seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

11.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Victoria's state law claims under 28 U.S.C. § 1367(a).

12.      Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a property management company located in this district. Further, Plaintiff Victoria was employed by Defendants in this district.

## PARTIES

*Plaintiff*

13.     Plaintiff Ramon Victoria ("Plaintiff Victoria" or "Mr. Victoria") is an adult individual residing in Bronx County, New York.

14.     Plaintiff Victoria was employed by Defendants at 219 East 196th Street from approximately October 30, 2017 until on or about April 23, 2018.

15.     Plaintiff Victoria consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

16.     At all relevant times, Defendants own, operate, or control a property management company, located at 5676 Riverdale Ave, Bronx, NY 10471 under the name "Chesnut Holdings" and at 219 East 196th St, Bronx, NY 10458 under the name "219 East 196th St".

17.     Upon information and belief, Chesnut Holdings of New York Inc. (d/b/a Chesnut Holdings) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 5676 Riverdale Ave, Bronx, NY 10471.

18.     Upon information and belief, 219 LLC (d/b/a 219 East 196th St) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 219 East 196th St, Bronx, NY 10458.

19.     Defendant Cesar Morales is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Cesar Morales controls significant functions of Defendant Corporation. He serves as a manager, establishes the schedules of the employees including Plaintiff Victoria, oversees and directs Plaintiff Victoria's work, hired Plaintiff Victoria, and has the authority to hire and fire employees.

20.     Defendant Jonathan Weiner is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Jonathan Weiner is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Jonathan Weiner possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff

Victoria, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

21.    Defendants operate a property management company located in the Northern Riverdale section of the Bronx.

22.    Individual Defendant, Jonathan Weiner, possesses operational control over Defendant Corporations, possesses ownership interests in Defendant Corporations, and controls significant functions of Defendant Corporations.

23.    Individual Defendant, Cesar Morales, possesses operational control over employees of Defendant Corporations, and controls significant functions of Defendant Corporations relating to employees. He serves as a manager, establishes the schedules of the employees including Plaintiff Victoria, oversees and directs Plaintiff Victoria's work, hired Plaintiff Victoria, and has the authority to hire and fire employees.

24.    Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

25.    Each Defendant possessed substantial control over Plaintiff Victoria's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Victoria, and all similarly situated individuals, referred to herein.

26.    Defendants jointly employed Plaintiff Victoria (and all similarly situated employees) and are Plaintiff Victoria's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

27.     In the alternative, Defendants constitute a single employer of Plaintiff Victoria and/or similarly situated individuals.

28.     Upon information and belief, Individual Defendants Cesar Morales and Jonathan Weiner operate Defendant Corporations as either alter egos of themselves and/or fail to operate Defendant Corporations as entities legally separate and apart from themselves, by among other things:

a) failing to adhere to the corporate formalities necessary to operate Defendant Corporations as Corporations,

b) defectively forming or maintaining the corporate entities of Defendant Corporations, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c) transferring assets and debts freely as between all Defendants,

d) operating Defendant Corporations for their own benefit as the sole or majority shareholders,

e) operating Defendant Corporations for their own benefit and maintaining control over these corporations as closed Corporations,

f) intermingling assets and debts of their own with Defendant Corporations,

g) diminishing and/or transferring assets of Defendant Corporations to avoid full liability as necessary to protect their own interests, and

h) Other actions evincing a failure to adhere to the corporate form.

29.     At all relevant times, Defendants were Plaintiff Victoria's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff

Victoria, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Victoria's services.

30.    In each year from 2017 to 2018, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

31.    In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the buildings on a daily basis are goods produced outside of the State of New York.

### *Individual Plaintiff*

32.    Plaintiff Victoria is a former employee of Defendants who was employed as a superintendent.

33.    Plaintiff Victoria seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

### *Plaintiff Ramon Victoria*

34.    Plaintiff Victoria was employed by Defendants from approximately October 30, 2017 until on or about April 23, 2018.

35.    Defendants employed Plaintiff Victoria as a superintendent.

36.    Plaintiff Victoria regularly handled goods in interstate commerce, such as materials and other supplies produced outside the State of New York.

37.    Plaintiff Victoria's work duties required neither discretion nor independent judgment.

38.    Throughout his employment with Defendants, Plaintiff Victoria regularly worked in excess of 40 hours per week.

39.     From approximately October 30, 2017 until on or about April 23, 2018, Plaintiff Victoria worked from approximately 7:00 a.m. until on or about 5:00 p.m., Mondays through Saturdays and from approximately 8:00 a.m. until on or about 7:00 p.m., Sundays (typically 70 hours per week).

40.     Throughout his employment, Defendants paid Plaintiff Victoria his wages by check.

41.     From approximately October 30, 2017 until on or about April 23, 2018, Defendants paid Plaintiff Victoria a fixed salary of $379 per week.

42.     From approximately April 16, 2018 until on or about April 23, 2018, Defendants did not pay Plaintiff Victoria any wages for his work.

43.     Plaintiff Victoria's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

44.     For example, Defendants required Plaintiff Victoria to work an additional 4 hours past his scheduled departure time one day a week and did not pay him for the additional time he worked.

45.     Plaintiff Victoria was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

46.     Defendants required Plaintiff Victoria to sign a document, the contents of which he was not allowed to review in detail.

47.     In addition, in order to get paid, Plaintiff Victoria was required to sign a document in which defendants misrepresented the hours that he worked per week.

48.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Victoria regarding overtime and wages under the FLSA and NYLL.

49.    Defendants did not provide Plaintiff Victoria an accurate statement of wages, as required by NYLL 195(3).

50.    In fact, Defendants adjusted Plaintiff Victoria's paystubs so that they reflected inaccurate wages and hours worked.

51.    Defendants did not give any notice to Plaintiff Victoria, in English and in Spanish (Plaintiff Victoria's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

52.    Defendants required Plaintiff Victoria to purchase "tools of the trade" with his own funds—including all tools needed to fix apartments.

*Defendants' General Employment Practices*

53.    At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Victoria (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate minimum wage and overtime compensation as required by federal and state laws.

54.    Plaintiff Victoria was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

55.    Defendants' pay practices resulted in Plaintiff Victoria not receiving payment for all his hours worked, and resulting in Plaintiff Victoria's effective rate of pay falling below the required minimum wage rate.

56.    Defendants habitually required Plaintiff Victoria to work additional hours beyond his regular shifts but did not provide him with any additional compensation.

57.     Defendants required Plaintiff Victoria to sign a document the contents of which he was not allowed to review.

58.     As a condition of payment every week, defendants required Plaintiff Victoria to sign a document that reflected inaccurate or false hours worked.

59.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

60.     Defendants' time keeping system did not reflect the actual hours that Plaintiff Victoria worked.

61.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

62.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Victoria (and similarly situated individuals) worked, and to avoid paying Plaintiff Victoria properly for his full hours worked.

63.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

64.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Victoria and other similarly situated former workers.

65.     Defendants failed to provide Plaintiff Victoria and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer;

rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

66.     Defendants failed to provide Plaintiff Victoria and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

67.     Plaintiff Victoria brings his FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

68.     At all relevant times, Plaintiff Victoria and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay

at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records required by the FLSA.

69.      The claims of Plaintiff Victoria stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

70.      Plaintiff Victoria repeats and realleges all paragraphs above as though fully set forth herein.

71.      At all times relevant to this action, Defendants were Plaintiff Victoria's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiff Victoria (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

72.      At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

73.      Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

74.      Defendants failed to pay Plaintiff Victoria (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

75.      Defendants' failure to pay Plaintiff Victoria (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

76.      Plaintiff Victoria (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

77.     Plaintiff Victoria repeats and realleges all paragraphs above as though fully set forth herein.

78.     Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Victoria (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

79.     Defendants' failure to pay Plaintiff Victoria (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

80.     Plaintiff Victoria (and the FLSA Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

81.      Plaintiff Victoria repeats and realleges all paragraphs above as though fully set forth herein.

82.     At all times relevant to this action, Defendants were Plaintiff Victoria's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiff Victoria, controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

83.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Victoria less than the minimum wage.

84.     Defendants' failure to pay Plaintiff Victoria the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

85.     Plaintiff Victoria was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS

## OF THE NEW YORK STATE LABOR LAW

86.     Plaintiff Victoria repeats and realleges all paragraphs above as though fully set forth herein.

87.     Defendants, in violation of N.Y. Lab. Law § 190 *et seq.*, and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Victoria overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

88.     Defendants' failure to pay Plaintiff Victoria overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

89.     Plaintiff Victoria was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING

## REQUIREMENTS OF THE NEW YORK LABOR LAW

90.     Plaintiff Victoria repeats and realleges all paragraphs above as though fully set forth herein.

91.     Defendants failed to provide Plaintiff Victoria with a written notice, in English and in Spanish (Plaintiff Victoria's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used

by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

92.    Defendants are liable to Plaintiff Victoria in the amount of $5,000, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

93.    Plaintiff Victoria repeats and realleges all paragraphs above as though fully set forth herein.

94.    With each payment of wages, Defendants failed to provide Plaintiff Victoria with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

95.    Defendants are liable to Plaintiff Victoria in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

## RECOVERY OF EQUIPMENT COSTS

96.    Plaintiff Victoria repeats and realleges all paragraphs above as though fully set forth herein.

97.     Defendants required Plaintiff Victoria to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his job, further reducing his wages in violation of the FLSA and NYLL. 29 U.S.C. § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

98.     Plaintiff Victoria was damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Victoria respectfully requests that this Court enter judgment against Defendants by:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Victoria and the FLSA Class members;

(c)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Victoria and the FLSA Class members;

(d)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Victoria's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Victoria and the FLSA Class members;

(f)      Awarding Plaintiff Victoria and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)      Awarding Plaintiff Victoria and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)      Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Victoria;

(i)      Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Victoria;

(j)      Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Victoria's compensation, hours, wages and any deductions or credits taken against wages;

(k)      Declaring that Defendants' violations of the provisions of the NYLL were willful as to Plaintiff Victoria;

(l)      Awarding Plaintiff Victoria damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages as applicable

(m)      Awarding Plaintiff Victoria damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(n)      Awarding Plaintiff Victoria liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage and overtime compensation shown to be

owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(o)    Awarding Plaintiff Victoria and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(p)    Awarding Plaintiff Victoria and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(q)    Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and,

(r)    All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Victoria demands a trial by jury on all issues triable by a jury.

Dated: New York, NY
       July 5, 2018

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:    _____/s/ Michael Faillace_____
       Michael Faillace [MF-8436]
       60 East 42nd Street, Suite 4510
       New York, New York 10165
       Telephone: (212) 317-1200
       Facsimile: (212) 317-1620
       *Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.
### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

June 5, 2018

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:              Ramon Victoria

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:              5 de junio 2018

*Certified as a minority-owned business in the State of New York*