# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 East 42nd Street, Suite 4510  
New York, New York 10165

Telephone: (212) 317-1200  
Facsimile: (212) 317-1620

michael@faillacelaw.com

September 28, 2018

**VIA ECF**  
Hon. Ronnie Abrams  
United States District Judge  
United States District Court  
40 Foley Square  
New York, NY 10007

> Re: **Ramon Victoria v. Chestnut Holdings of New York Inc. et al**  
> Case No. 18-cv-6085 (RA)

Dear Judge Abrams:

This office represents Plaintiff Ramon Victoria in the above referenced matter. Mr. Victoria and defendants have agreed to a negotiated settlement ("Agreement"). A copy of the Agreement is attached hereto as "Exhibit A." We therefore ask the Court to approve the settlement, pursuant to *Cheeks v. Freeport Pancake House*, Inc., 796 F.3d 199 (2d Cir. 2015), and dismiss the case with prejudice.

1. **Background**

Victoria filed his Complaint against Defendants alleging claims for unpaid overtime wages, liquidated damages, interest, attorneys' fees, and costs pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* (FLSA), the New York Minimum Wage Act, N.Y. Lab. Law § 650 *et seq.*, and the annual notice and wage statement requirements of the New York Labor Law (N.Y. Lab. Law. § 195). Victoria also sought recovery of equipment costs.

Specifically, Victoria alleges he was employed by Defendants as a janitor in a residential building owned and operated by Defendants. During his employment, Victoria regularly worked over 40 hours a week, and were paid at a fixed weekly rate that failed to properly compensate him at the minimum wage rate and overtime rate.

Page 2

Defendants categorically deny the allegations in the Complaint and state that Victoria did not work more than 40 hours per week.

## 2. Settlement Terms

Victoria, if fully successful in obtaining a maximum judgment, would be due approximately $10,660 in minimum and overtime wages, and a total of approximately $21,200. Victoria has agreed to settle his claim for $9,000 total, $6,000 of which will be paid to him and $3,000 to his attorneys.

Victoria initially had agreed to a settlement for $6,000, at a conference in housing court, without his attorneys present, during Defendants' proceeding to evict him from the apartment he lived in when he worked for Defendants as a janitor. As part of the consideration Defendants agreed to delay eviction of Victoria. After Victoria's attorneys became aware of the agreement reached in housing court, Victoria's attorneys negotiated an increase in the settlement to $9,000, and also the elimination of confidentiality provisions with a penalty of double the settlement amount if Victoria breached the agreement.

A court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

Victoria made an informed decision to settle his wage and hour claim for $6,000 for himself and together with an extension of time to surrender his apartment on Defendants' premises. While

Page 3

the amount Victoria is receiving is less than what he believes are his back wages, he is receiving the money immediately and without the risks and delay of trial.

3. **Plaintiff's Attorneys' Fees are Fair and Reasonable**

Under the settlement, and in accordance with their retainer agreement with the Plaintiffs, Plaintiffs' counsel will receive $3,000 from the settlement fund as attorneys' fees and costs. This represents one third of the recovery in this litigation, as well as a reduction in fees from what is identified in Plaintiffs' retainer agreements, which provide that forty percent of Plaintiffs' recovery will be retained by the firm.

The amount provided to Victoria's counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. *See Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiffs' requested award is reasonable. *See* Additionally, everyone covered by this settlement has already agreed to the fee provided for in the settlement.

Given Plaintiffs' counsel's significant experience representing Plaintiffs in the New York City in wage and hour litigation, Victoria's counsel was able to obtain an excellent result with relatively low expense due to the parties' cooperative exchange of information and frequent and on-going negotiations. A brief biography of each attorney who performed billed work in this matter is as follows:

> i. My work is billed at the rate of $450 per hour, which is my standard billing rate for matters paid on an hourly basis. I am the Managing Member of Michael Faillace & Associates, P.C, and have been in practice since 1983. From 1983 to 2000, I was in-house Employment Counsel with International Business Machines Corporation (IBM). I taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and am a nationally-renowned speaker and writer on employment law. I am also the author of the

Page 4

      ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations.

      ii.      Joshua Androphy is senior attorney at Michael Faillace & Associates, P.C., and is regularly billed at an hourly rate of $400.00.  This is his standard rate for matters on which he is paid at an hourly rate.  Androphy graduated from Columbia University School of Law in 2005, where he was a Harlan Fiske Stone Scholar and Managing Editor of the Columbia Journal of Law and Social Problems.  Following law school, Androphy developed a broad background in litigation at Olshan Frome Wolosky LLP, where he practiced complex commercial litigation, employment litigation, securities litigation and contract litigation for seven years. Since joining Michael Faillace & Associates, P.C. in 2012, Androphy has been responsible for litigating all aspects of employment claims in state and federal court.  Androphy was named a Super Lawyers Rising Star in 2014, 2015, 2016, 2017, and 2018.  Androphy's billing rate of $400 per hour is reflected in Exhibit B with my initials "JA."

The lodestar amount of attorneys' fees according to these rates is $4,730.  Additionally, Victoria's attorneys incurred $400 in costs for filing.  This is greater than the $3,000 Victoria's attorneys are to receive under the settlement.

Should Your Honor have any questions or concerns regarding this settlement, the parties are happy to address them. The parties thank the Court for its attention to this matter.

                                            Respectfully submitted,

                                            /s/Michael Faillace
                                            Michael Faillace
                                            MICHAEL FAILLACE & ASSOCIATES, P.C.
                                            Attorneys for the Plaintiff

Encls.

cc: Defendants' counsel (Via ECF)