## CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Confidential Settlement Agreement and General Release ("the Agreement") is made and entered into by and between Ramon Victoria ("Victoria"), on the one hand, and Chestnut Holdings of New York, Inc. (d/b/a Chestnut Holdings), 219 LLC (d/b/a 219 East 196th Street), Cesar Morales, and Jonathan Wiener (collectively referred to herein as "Releasees" or "Defendants"), on the other hand. This Agreement is dated August 20, 2018. Each party hereto is referenced herein as a "Party," and, collectively, as "The Parties."

## RECITALS

A.   **WHEREAS**, on or about July 5, 2018, Victoria filed an action against Defendants alleging, *inter alia*, that Defendants failed to pay him certain wages due in connection with Victoria's employment by 219 LLC (the "Employment Action"). The Action is currently pending in the United States District Court for the Southern District of New York, Case No. 18-CV-06085; and

B.   **WHEREAS,** on or about May 22, 2018, Defendant 219 LLC commenced a holdover proceeding against Victoria, in the Civil Court of the State of New York, County of Bronx, Index No. 28407-18, seeking to evict Victoria for non-payment of rent (the "Holdover Action"); and

C.   **WHEREAS**, Defendants asserts that Victoria was paid in accordance with all agreements and applicable Federal and State Laws and that no additional wages or benefits are due or owing from Defendants to Victoria. Defendants admit no wrongdoing or any liability with respect to Victoria's allegations; and

D.   **WHEREAS**, the Parties wish to amicably resolve the Employment Action, the Holdover Action, and all other disputes, claims, or issues between them;

E.   **NOW, THEREFORE**, in consideration of the foregoing and in consideration of the covenants, warranties and promises set forth below, receipt of which is hereby acknowledged, the Parties agree as follows:

## AGREEMENT

1.   Consideration. The Parties are entering into this Settlement Agreement in exchange for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged. Victoria and his attorneys agree that neither Victoria nor his attorneys will seek any further consideration from any of the Defendants, including any monetary payment, beyond that which is set forth in Paragraph 2 of this Settlement Agreement. Neither this Agreement nor anything contained herein constitutes or is intended to constitute any finding of fact, admission of liability or assessment of liability by any of the Defendants under any law, ordinance, rule, regulation or order with respect to any claim that Victoria or any other person has asserted, could have asserted or may assert in connection with Victoria's relationship with the Defendants. Defendants have consistently denied, and continue to deny, each and every allegation of wrongdoing made by Victoria, and has agreed to enter into this Agreement for the sole purpose of avoiding the cost and inconvenience of further litigation.

2.   Settlement Compensation.

Victoria agrees to vacate and unconditionally surrender the premises identified as "Basement Apartment, 219 East 196 Street, Bronx, New York, 10458" (the "Unit") on or before 5:00p.m. on August 15, 2018, leaving the Unit in broom-swept condition, with no damage to the unit or any of its appliances or appurtenances. Victoria shall, after Defendants have the opportunity to inspect the Unit to ensure there is no damage or defect, hand deliver all keys, and any copies thereof, to a representative of Defendants.

1185543.1

At the time Victoria delivers the Unit in broom-swept and undamaged condition to Defendants' representative, Defendants shall pay Victoria the total sum of Six Thousand Dollars ($6,000), in the form of a certified check made payable to "Ramon Victoria." Additionally, Defendants shall pay to Victoria's attorney Michael Faillace & Associates, P.C. the total sum of Three Thousand Dollars ($3,000) by certified check. The check to Michael Faillace & Associates, P.C. shall be delivered or mailed to Michael Faillace & Associates, P.C., 60 East 42nd Street, Suite 4510, New York, NY 10165. The cost to repair any damage to the Unit or its appliances or appurtenances shall be deducted from the payment set forth herein.

3. General Release.

a. In consideration of the promises of benefits, mutual agreements, payment and other good and valuable consideration contained in this Agreement, Victoria hereby releases and forever discharges each, every, and all of the Defendants, as well as each Defendant's divisions, affiliates, subsidiaries, parents, corporations under common ownership or control or related business entities, predecessors, successors, management companies, assigns and their officers, directors, members, partners, trustees, employees, agents, stockholders, administrators, representatives, attorneys, insurers or fiduciaries, past, present or future, of and from all debts, obligations, promises, covenants, agreements, contracts, endorsements, bonds, controversies, suits or causes known or unknown, suspected or unsuspected, of every kind and nature whatsoever, legal, equitable, contractual, tortuous or statutory which may heretofore have existed or which may now exist including, but not limited to, all allegations and causes of action and without limitation of the foregoing, those claims for discrimination, retaliation, breach of or interference with any alleged express or implied contract, wrongful discharge, intentional or negligent infliction of emotional distress, breach of a covenant of good faith and fair dealing, violation of public policy, defamation, interference with contractual relations, invasion of privacy, misrepresentation, fraud, deceit, negligence, and without limitation, those claims arising pursuant to the National Labor Relations Act, 29 U.S.C. § 151, ci seq., the Fair Labor Standards Act, 29 U.S.C. §201, ci seq., the Age Discrimination in Employment Act of 1967, 29 U.S.C., §621, ci seq., the Older Workers' Benefit Protection Act of 1990, 29 U.S.C., §621, ci seq., The Civil Rights Act of 1991, as amended, Section 1981 through 1988 of Title 42 of the United States Code, as amended, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000(e), ci seq., the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. § 1001, ci seq., the Immigration Reform and Control Act, as amended, the Americans With Disabilities Act of 1990, as amended 42 U.S.C. §12101, ci seq., the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. §2601, ci seq., the Consolidated Omnibus Budget Reconciliation Act, the Workers Adjustment and Retraining Notification Act, as amended, 29 U.S.C. §2101, ci seq., the Occupational Safety and Health Act, as amended, 29 U.S.C. §553, ci seq., the Sarbanes-Oxley Act of 2002; the New York State Human Rights Law, N.Y. Exec. Law §296 ci seq., §8-107 of the Administrative Code of the City of New York, ci. seq., New York State Labor Laws, New York State Wage and Hour Laws, all other federal, state or local laws regarding employment discrimination, harassment and retaliation, and/or every other federal, state or local laws based upon any conduct occurring from the beginning of the world to the date of this Agreement.

4. Voluntary Dismissal. Within five (5) days after Victoria delivers the keys to the Unit and receives the payment set forth in paragraph 2 above: (1) Victoria shall file a Voluntary Dismissal with Prejudice in the Employment Action pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure and (2) Defendants shall file a notice of dismissal with prejudice of the Holdover Action. Victoria further agrees to take any additional action necessary to effectuate the settlement of the Employment Action.

5. Taxes. 219 LLC shall issue a Federal Tax Form 1099 for the payment set forth in Paragraph 2 herein. Victoria understands and agrees that the Defendants are not withholding from the payment made to him in this Settlement Agreement any federal or state income taxes, FICA, Social Security, Medicare, or any other withholding and therefore agrees and promises to pay all taxes which may be due in the event a governmental

1185543.1

taxing authority determines that any such taxes are due. Victoria further agrees to indemnify and hold each and all of the Defendants harmless from all liabilities for failing to withhold the foregoing tax items from the payment to him.

      6.      <u>Breach of Agreement:</u>  Breach of any of the provisions of this Agreement by any party to this agreement shall be deemed a material breach. In the event of any such breach, the non-breaching party shall be entitled to recover damages, attorney's fees, costs and/or injunctive relief from a court of competent jurisdiction

      7.      <u>Cooperation</u>.  Victoria and Defendants mutually agree that they will not disparage each other and will say or do nothing to bring discredit upon the other. Nothing herein shall be construed to preclude either Victoria or Defendants from making truthful statements about the Employment Action or the settlement thereof.

      8.      <u>Notice</u>.  All notices or other communications provided for or permitted herein shall be in writing, and mailed by U.S. Registered or Certified Mail/Return Receipt Requested, or sent by telecopy or other similar communication, provided that, if such communication is used, the notice is also mailed simultaneously by First-Class U.S. Mail, to the party entitled or required to receive same, at the address set forth below or at such other address as such party shall designate by a notice given pursuant to this paragraph. All such notices, etc., shall be deemed given when mailed in accordance with this paragraph.

    (i)    If to Victoria:
Michael Faillace, Esq.
Michael Faillace & Associates, P.C.
60 East 42nd Street, Suite 4510
New York, NY 10165

    (ii)    If to Defendants:

N. Ari Weisbrot, Esq.
Law Office of N. Ari Weisbrot LLC
1099 Allessandrini Avenue
New Milford, New Jersey 07646

      9.      <u>Entire Agreement</u>.  This Settlement Agreement constitutes the complete understanding of the Parties. No other promises or agreements shall be binding unless agreed to in writing and signed by the Parties.

      10.      <u>Voluntary Agreement:</u>  Victoria and Defendants agree and affirm that:

a. They have carefully read and fully understand all of the provisions of this Agreement;
b. They were advised and hereby are advised to consider carefully the terms of this Agreement and consult with an attorney prior to executing this Agreement;
c. They have been given a reasonable time to consider their rights and obligations under this Agreement and to consult with an attorney before executing it;
d. They have consulted with their attorney of choice before executing this Agreement;
e. This Agreement is legally binding, and by signing it, he understands that he is giving up certain rights, including his right to pursue the claims raised in the Complaint.

3

1185543.1

  f. No promise or representation of any kind or character has been made by any of the Releasees or by anyone acting on their behalf to induce this Agreement, and that he has not been forced or pressured in any way to sign this Agreement;

  11. <u>Counterparts</u>:  This Agreement may be executed in several counterparts, each of which shall serve as an original as against any party who signed it, and all of which taken together shall constitute one and the same document.  A copy of a party's signature on this Agreement shall be acceptable in any action against that party to enforce this Agreement.

  **WHEREFORE,** the undersigned subscribe to this Agreement, as it applies to each, as of the date(s) set forth below opposite their respective signatures.

IN WITNESS THEREOF, the Parties hereto evidence their agreement by their signature below.

Sworn to me this 20th day of August, 2018

_____
Notary Public

**RAMON VICTORIA**

By: _____
  RAMON VICTORIA

MELISSA ANTONETTI
Notary Public, State of New York
Reg. No. 01AN6359168
Qualified in Bronx County
Commission Expires May 22. 20 21

Sworn to me this 20 day of August, 2018

_____
Notary Public

**CHESTNUT HOLDINGS OF NEW YORK, INC.**

By: _____
Name: _____
Title: _____ COO

MELISSA ANTONETTI
Notary Public, State of New York
Reg. No. 01AN6359168
Qualified in Bronx County
Commission Expires May 22. 20 21

Sworn to me this 20 day of August, 2018

_____
Notary Public

**219 LLC**

By: _____
Name: _____
Title: _____ COO

MELISSA ANTONETTI
Notary Public, State of New York
Reg. No. 01AN6359168
Qualified in Bronx County
Commission Expires May 22. 20 21

1185543.1

**CESAR MORALES**

Sworn to me this 20th day of August, 2018

_____
Notary Public

By: _____
CESAR MORALES

MELISSA ANTONETTI
Notary Public, State of New York
Reg. No. 01AN6359168
Qualified in Bronx County
Commission Expires May 22. 20 24

**JONATHAN WIENER**

Sworn to me this 20th day of August, 2018

_____
Notary Public

By: _____
JONATHAN WIENER

MELISSA ANTONETTI
Notary Public, State of New York
Reg. No. 01AN6359168
Qualified in Bronx County
Commission Expires May 22. 20 24

5

1185543.1